UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   -against-                                          1:03-CR-0431
                                                                         (LEK)

MICHAEL SCARNATO,

                               Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

### I. Background

On March 23, 2004, Defendant Michael Scarnato ("Defendant") appeared before this Court for sentencing subsequent to pleading guilty, pursuant to a written plea agreement, to a single count Indictment charging him with Possession of an Unregistered Firearm Silencer, in violation of 26 U.S.C. § 5861(d). Indictment (Dkt. No. 7); Minute Entry (Dkt. No. 23). At sentencing, the Court found the Total Offense Level to be 17, the Criminal History Category to be I, and the Sentencing Guidelines imprisonment range to be twenty-four to thirty months. Minute Entry (Dkt. No. 23) at 2. The Court sentenced Defendant to a term of twenty-four months imprisonment, to be followed by three years of supervised release, a fine of ten thousand ($10,000.00) dollars, and a special assessment of one hundred ($100.00) dollars. Id. at 2-4. At that time, the Court indicated that in the event the Sentencing Guidelines were found unconstitutional, Defendant would be sentenced to a term of fifteen months.[1] Id. at 5.

---

[1] The Court notes that an error appears on page 2 of the Judgment (Dkt. No. 26). The Judgment states that the term of imprisonment was to be twenty-four months, "[h]owever, in the event the Sentencing Guidelines are found unconstitutional, in accordance with the sentencing authority under 18 U.S.C. § 3553(b), it is the judgment of this Court that you will be sentenced to a term of *24 months, in the alternative*." Id. (emphasis added) The alternative sentence, as stated by

1

Defendant appealed his judgment of conviction to the Court of Appeals for the Second Circuit, and he moved, with the United States' consent, to remand the case to this Court for consideration of resentencing. Mandate (Dkt. No. 34). The Court of Appeals granted that motion in light of United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Pursuant to the mandate, this Court must consider whether to resentence Defendant. If after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, the Court finds that it would have imposed a materially different sentence, resentencing of Defendant is required. Crosby, 397 F.3d at 120. For the following reasons, the Court will resentence Defendant and impose a sentence of fifteen months imprisonment, to be followed by three years of supervised release, a fine of ten thousand ($10,000.00) dollars, and a special assessment of one hundred ($100.00) dollars. As this sentence is a non-Guidelines sentence, this written opinion is issued pursuant to 18 U.S.C. § 3553(c)(2) to explain with specificity the reasons for imposing a sentence outside of the Guidelines range.

## II. Discussion

In Booker, the United States Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 ("SRA") mandating the application of the Sentencing Guidelines, to remedy the Sixth Amendment violations contained within the SRA. Booker, 125 S.Ct. at 756-57. The Second Circuit provided considerable guidance to district courts

---

the Court at sentencing, and in the Minute Entry (Dkt. No. 23), is to be fifteen months, not twenty-four months. The error on the Judgment (Dkt. No. 26) is of no force or effect, and the alternative sentence is, indeed, fifteen months imprisonment. The error is noted only to avoid any confusion.

in United States v. Crosby, including the instruction that, when determining whether to resentence and when resentencing, district courts are obligated to consider the Sentencing Guidelines in conjunction with the other factors listed in 18 U.S.C. § 3553(a).  United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

Since the issuance of the Second Circuit's mandate in this case, the Court has reviewed all pertinent information, including, but not limited to, the Presentence Investigation Report; submissions presented by counsel subsequent to remand by the Second Circuit; the overall sentencing factors outlined in 18 U.S.C. § 3553, which considers the nature of the offense, Defendant's criminal record and personal characteristics; the Sentencing Guidelines range, which the Court again adopts as set forth and scored in the Presentence Investigation Report; and relevant case law, specifically Booker, Fanfan, and Crosby.  The Court makes all findings now as it did at the original sentencing.

The Court imposes a non-Guidelines sentence of fifteen months because, as noted by defense counsel, the conduct committed by Defendant is somewhat "aberrant" and out of character, as well as unsophisticated.  The Defendant also lacks any prior criminal conduct in his lifetime, and Defendant has always maintained a stable life and family circumstances.  These factors, taken into consideration with relevant statutory requirements and case law, warrant a sentence of fifteen months imprisonment, followed by three years of supervised release, a fine of ten thousand ($10,000.00) dollars, and a one hundred ($100.00) dollar special assessment.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant Michael Scarnato is **RESENTENCED** to a term of **FIFTEEN MONTHS IMPRISONMENT**, to be followed by **THREE YEARS of SUPERVISED RELEASE**, a **FINE of TEN THOUSAND ($10,000.00) DOLLARS**, and a **SPECIAL ASSESSMENT of ONE HUNDRED ($100.00) DOLLARS**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

DATED:   November 30, 2005
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge